UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Erzsebet MacNab,

Plaintiff,

v.

MEMORANDUM OPINION AND ORDER

Civil No. 01-1810 (MJD/JGL)

Fortis, Inc.,

Defendant.

---

Plaintiff is pro se.

Joe R. Reeder and Geoffrey J. Greeves, Greenberg Traurig, LLP for and on behalf of Defendant.

---

Plaintiff brings this action against Defendant, alleging claims of breach of contract, retaliatory and wrongful discharge, and discrimination in employment based on nationality, sex, job seniority and age. Currently before the Court is Defendant's motion to dismiss. For the reasons set forth below, Defendant's motion is granted.

FACTUAL BACKGROUND

Plaintiff alleges that in 1995, she moved to Hungary to pursue employment. At that time, she held dual citizenship in Hungary and the United States. Plaintiff obtained employment with Fintage Magyar, Kft. as an account manager. Fintage Magyar is a corporation existing under the laws of the Republic

FILED [illegible] 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of Hungary, and is in the business of purchasing and selling intellectual property rights in film. It is a wholly owned subsidiary of Mees Pierson International A.G. ("Mees Pierson") Szekeres Decl. ¶ 3. Mees Pierson is a subsidiary of Fortis B, a publicly traded foreign corporation. Greeves Decl. ¶ 2. When she began her employment, she signed an employment contract that was negotiated in the Republic of Hungary with Fintage Magyar. In 1998, she abandoned her Hungarian citizenship, and renegotiated her employment as an American expatriate in order to obtain an increase in pay. Szekeres Decl. ¶ 5. She executed a second employment contract with Fintage House, although she continued to provide services for Fintage Magyar. Id. ¶ 6.

Defendant Fortis, Inc. ("Fortis") is a Minnesota corporation that is engaged in the business of insurance. Like Mees Pierson, it is a subsidiary of Fortis B. Greeves Decl. ¶ 2. In her Complaint, Plaintiff does not allege that she was employed by Fortis. Instead, she alleges that Defendant is conducting business in the United States, with headquarters in Minnesota.

1. Breach of Contract

Plaintiff alleges that Fortis breached her employment contract. However, neither employment contract executed by Plaintiff imposes any contractual obligations upon Fortis, Inc. The first contract was between Plaintiff and Hungarian Intellectual Property Management, which later became Fintage Magyar. Exhibit 1 to Szekeres Decl. The second employment agreement is between Plaintiff and Mees Pierson. Exhibit 2 to Szekeres Decl. In addition, Plaintiff does not allege in her Complaint that she performed work for Fortis.

Because she was not employed by Fortis, and because Fortis was not a signatory to the employment contracts at issue, the breach of contract claims fail to state a claim against Fortis.

2. Discrimination Claims

Plaintiff has also asserted claims of discrimination against Fortis. In order to bring a claim under Title VII, a plaintiff is required to exhaust her administrative remedies. Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999). "In order to exhaust administrative remedies, the claimant is required to demonstrate good faith participation in the administrative process, which includes making specific charges and providing information necessary to the investigation." Id. Plaintiff did not allege in her Complaint that she filed an administrative charge with the EEOC, and she has made no showing in response to Fortis' motion to dismiss that she filed an administrative charge with the EEOC.[1]

The Court further finds that Plaintiff's claims under Title VII are time barred. An administrative charge must be filed within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). Although Plaintiff's Complaint does not specify when the alleged unlawful employment practices occurred, the Court notes that Plaintiff had filed an action similar to this in the United States District Court for the District of Columbia in October 2000. In addition, Plaintiff filed an employment lawsuit in the Municipal Labour Court in Hungary on May 17, 2000, which involved the same allegations as have been

[1] Plaintiff did not file an opposition brief in response to Fortis' motion to dismiss, despite the Court's order dated February 22, 2002, that she file her brief in compliance with Local Rule 7.1(b).

made in this case. Accordingly, this Court can reasonably find that the unlawful practices at issue occurred prior to May 2000, rendering her claims time barred under Title VII.

In addition, the Minnesota Human Rights Act ("MHRA") defines employee as "an individual who is employed by an employer and who resides or works in this state." Minn. Stat. § 363.01. Because Plaintiff is not a resident of Minnesota, she cannot avail herself of the protections provided by the MHRA.

IT IS HEREBY ORDERED THAT Fortis, Inc.'s Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

Date: April 5, 2002

Michael J. Davis
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd